```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
THE BOARD OF TRUSTEES OF THE        :
LELAND STANFORD JUNIOR UNIVERSITY,  :
acting through CSLI PUBLICATIONS,   :
                                    :
            Plaintiff,              :
                                    :   02 CV 4683(KMW)(HBP)
       -against-                    :         ORDER
                                    :
SEVEN BRIDGES PRESS, LLC,           :
                                    :
            Defendant.              :
------------------------------------X
```

WOOD, U.S.D.J.:

This is a commercial dispute arising, in principal part, from Defendant's failure to perform its contractual obligations to market a textbook and a software package entitled <u>Language Proof & Logic</u> ("LPL"). Plaintiff alleges eleven claims for relief.[1] By order dated March 31, 2005, the Court (1) granted Plaintiff summary judgment with respect to Claim 10 and ordered that judgment be entered in Plaintiff's favor in the amount of $45,000; and (2) granted Plaintiff summary judgment with respect to Claim 1 on the issue of liability. Defendant's counsel

---

[1] Plaintiff's claims are: (1) breach of the LPL contract; (2) breach of the implied covenant of good faith and fair dealing; (3) unfair trade practices; (4) interference with prospective economic advantage; (5) intentional misrepresentation; (6) negligent misrepresentation; (7) false promise; (8) breach of the settlement agreement; (9) unjust enrichment; (10) breach of the contract governing the "Grade Grinder" software application, which is sold as part of LPL (the "Grade Grinder contract"); and (11) conversion.

1

subsequently withdrew from this action.  By order dated April 5, 2007, the Court granted Plaintiff a default judgment with respect to all remaining claims against Defendant (Claims 2-9 and 11) due to Defendant's failure to obtain new counsel.[2]  The Court referred this action to Magistrate Judge Pitman for an inquest into damages.

On October 31, 2007, Magistrate Judge Pitman issued a Report and Recommendation ("Report"), familiarity with which is assumed, recommending that the Court grant Plaintiff damages in the amount of $185,111.18 with respect to Claim 1 (breach of the LPL contract).  The Report also recommended that the Court grant Plaintiff (1) interest in the amount of $137,290.80 for the period between June 1, 2001 and October 31, 2007; and (2) interest in the amount of $1,542.59 per month for every month after October 31, 2007 until judgment is entered.  For the reasons stated below, the Court adopts the Report in part and orders judgment to be entered for Plaintiff on Claim 1 in the amount of $185,111.18 plus interest.

I. Standard of Review

The Report informed the parties that, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), in conjunction with Rules 6(a) and

---

[2] Because Defendant is a corporation, it cannot appear in this action pro se.  See Rowland v. California Men's Colony, 506 U.S. 194, 201-203 (1993); Fustok v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989).

2

6(e), of the Federal Rules of Civil Procedure, they had ten days from service of the Report to serve and file any objections. The Report also informed the parties of their opportunity to request an extension of time to file objections. Finally, the Report explicitly cautioned that failure to file timely objections would preclude appellate review. No objections have been filed, and the time to object has expired. Accordingly, the Court "need only satisfy itself that there is no clear error on the face of the record." Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

II. Damages and Interest Calculation

    A. Damages Calculation

The Court has carefully reviewed the Report's recommendation that Plaintiff is entitled to $185,111.18 in damages with respect to Claim 1.[3] It concludes that the Report's damages analysis is well-reasoned and free of any clear error on the face of the

---

[3] The Court notes that Plaintiff's damages arising from Claim 1 would ordinarily be resolved at trial, because the Court granted Plaintiff summary judgment only on the issue of liability. See March 31, 2005 Order (D.E. 76). However, because Defendant failed to obtain new counsel, Magistrate Judge Pitman treated Plaintiff's damages submissions as a motion for a damages inquest, and informed Defendant that it had until January 2, 2007 to retain new counsel and make an evidentiary submission in response to Plaintiff's submission. See December 6, 2006 Order (D.E. 89). Defendant did not respond to this order or appear with new counsel. Because Defendant received notice of Plaintiff's motion for a damages inquest and did not respond, Magistrate Judge Pitman properly conducted an inquest based on Plaintiff's submissions.

record. Accordingly, it adopts the Report's recommendation and reasoning with respect to damages. (Report 6-9.)

B. <u>Interest Calculation</u>

The Court has also carefully reviewed the Report's recommendations with respect to prejudgment interest, and adopts the Report's recommendations in part.

The Court adopts the Report's analysis that Plaintiff is entitled to prejudgment interest at the rate of 10 percent, calculated from June 1, 2001 until the date judgment is entered. (Report 9-10; <u>see also</u> Cal. Civ. Code §§ 3287, 3289; <u>El Dorado Irrigation Dist. v. Traylor Bros., Inc.</u>, No. Civ. S-03-949, 2007 WL 512428, at *12 (E.D. Cal. Feb 12, 2007) (holding that prejudgment interest should be awarded when the defendant knew the amount owed or could have computed the amount from reasonably available information).) The Court also adopts the Report's use of a simple, non-compound interest calculation. (Report 10; <u>see also</u> <u>Westbrook v. Fairchild</u>, 9 Cal. Rptr. 2d 277, 280 (Cal. Ct. App. 1992) ("[T]he general rule is that there is no compounding of interest in the absence of specific statutory authority.").) However, the Court corrects an arithmetic error in the Report regarding the interest owed Plaintiff from June 1, 2001 until October 31, 2007. The correct interest amount for this period is

4

$118,826.16.[4]

The Court directs the Clerk of the Court to enter judgment for Plaintiff on Claim 1 in the amount of $185,111.18, plus interest. The Clerk shall calculate prejudgment interest at the rate of 10 percent, starting on June 1, 2001. Interest shall not be compounded.

III. Plaintiff's Remaining Claims

Plaintiff has not made any evidentiary submissions with respect to Claims 2-9 and 11 (the "Remaining Claims"). By letter dated November 21, 2007, Plaintiff indicated that it does not intend to pursue these claims if the Report is accepted. Because the Court adopts the Report only in part, the Court will give Plaintiff the opportunity to pursue the Remaining Claims. No later than May 19, 2008, Plaintiff shall inform the Court whether it intends to pursue these claims.

IV. Conclusion

For the reasons stated above, the Court adopts the Report in part. The Clerk of the Court is directed to enter judgment for Plaintiff on Claim 1 in the amount of $185,111.18, plus interest.[5] The Clerk shall calculate prejudgment interest at the

---

[4] The Report recommended that the Court award $137,290.80 in interest for this period. (Report 10.)

[5] This award is in addition to the $45,000 partial judgment for Plaintiff that the Court previously entered in this action (D.E. 79).

5

rate of 10 percent, starting on June 1, 2001. Interest shall not be compounded. No later than May 19, 2008, Plaintiff shall inform the Court whether it intends to pursue the Remaining Claims.

    SO ORDERED.

DATED:    New York, New York
           May 5, 2008

                                      */s/ Kimba M. Wood*
                                      KIMBA M. WOOD
                                  United States District Judge